UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RX.COM, INC. AND JOE S. ROSSON, | § | |
| | § | |
| *Plaintiffs*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-10-4475 |
| | § | |
| JOHN M. O'QUINN, *et al.*, | § | |
| | § | |
| *Defendants*. | § | |

### ORDER

Plaintiffs in this removal action filed a motion to remand this case to the state court. Dkt. 10. Upon review of the motion, the response, the reply, and the applicable law, the motion to remand is GRANTED, and this case is REMANDED to the state court forthwith.

### BACKGROUND

Plaintiffs filed an original petition in the 80th Judicial District Court of Harris County, Texas, on October 11, 2010, alleging that defendants, who are attorneys and law firms that previously represented plaintiffs in a federal lawsuit brought under Sherman Act, 15 U.S.C. § 1, *et seq.*, committed professional negligence. Dkt. 1-3. More specifically, plaintiffs allege that summary judgment was entered against them in the federal lawsuit on the basis of the statute of limitations, and that this was a result of defendants' negligence, negligent misrepresentations, and/or a breach of fiduciary duty. *Id.*

Defendants removed this case on November 10, 2010, asserting federal question jurisdiction pursuant to 28 U.S.C. § 1331, which permits removal of claims "arising under the Constitution, laws or treaties of the United States." Dkt. 1. Defendants assert that plaintiffs' claims arise under federal law because the plaintiffs' "right to relief necessarily depends on resolution of a substantial question

of federal law" because the underlying lawsuit that defendants allegedly mishandled involves federal law. *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 203 S.Ct. 2841 (1983). Plaintiffs disagree, and have moved to remand the case to the state court asserting that this is a legal malpractice case that is appropriately addressed in the state court, and that no substantial issue of federal law is implicated merely because the case that defendants failed to timely file arose under the Sherman Act. Dkt. 10.

## ANALYSIS

**A.    Federal question jursidiction.**

Federal courts have subject matter jurisdiction over any cause of action "arising under" federal law.  28 U.S.C. § 1331.   Removal of an action within the court's original jurisdiction is permissible under 28 U.S.C. § 1441. "The federal removal statute . . . is subject to strict construction because a defendant's use of that statute deprives a state court of a case properly before it and thereby implicates important federalism concerns." *Frank v. Bear Stearns & Co.*, 128 F.3d 919, 922 (5th Cir. 1997).

The "well-pleaded complaint rule" recognizes that a state court plaintiff is entitled to be master of his or her claims.  Thus, as "a general rule, absent diversity jurisdiction, a case will not be removable if the complaint does not affirmatively allege a federal claim." *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6, 123 S.Ct. 2058 (2003).  No federal claim is alleged in the plaintiffs' original petition in the state court. Rather, plaintiffs assert state law claims for negligence, negligent misrepresentation, and breach of fiduciary duty. Dkt. 1-3.

There are exceptions to the "well-pleaded complaint rule."  One such exception is the "complete preemption doctrine" where "what otherwise appears as merely a state law claim is converted to a claim 'arising under' federal law for jurisdictional purposes because 'the federal

2

statute so forcibly and completely displace[s] state law that the plaintiff's cause of action is either wholly federal or nothing at all.'" *New Orleans & Gulf Coast Ry. Co. v. Barrois*, 533 F.3d 321, 330 (5th Cir. 2008) (internal quotations and citations omitted). Defendants do not assert that complete preemption applies in this case. Rather, defendants assert that this court has subject matter jurisdiction pursuant to another exception to the "well-pleaded complaint rule" that applies when the plaintiffs' "right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. at 27-28.

Indeed, plaintiff's state law claims will require them to prove that they would have prevailed on their Sherman Act claims. This, in defendants' view, will require a "full-scale litigation of the underlying anti-trust claims, including all of the important issues of federal law implicated in determining whether Plaintiffs could prevail on such claims – issues such as the appropriate legal standard for evaluating the alleged anti-competitive conduct at issue, relevant market, and antitrust injury, among others." Dkt. 11 at 2. Thus, as defendants suggest, this is a case where federal standards are "embedded" in a state law tort claim.

However, the "mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction." *Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 813, 106 S.Ct. 3229 (1986) (negligence action based upon allegation that manufacturer violated federal statute regulating development and marketing of drugs not removable). Rather, as the Supreme Court held in *Grable & Sons Metal Products, Inc. v. Darue Engeering & Manufacturing*, removal is appropriate where state court claims "necessarily raise a stated federal issue [that is] actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." 545 U.S. 308, 312, 125 S.Ct. 2363 (2005). *Grable* involved a state law quiet title

3

action alleging that the Internal Revenue Service gave inadequate notice of sale under applicable federal law, and removal was found appropriate.  The Supreme Court later characterized *Grable* as one of a "special and small" category of cases removable on the basis that the only contested issue was a "pure issue of law" involving the proper interpretation of a federal statute, and one that would have the potential of governing numerous other tax lien cases.  *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 699-700, 126 S.Ct. 2121 (2006) (state law subrogation claim by insurer of federal employees not removable despite federal regulation of health benefit plans).  The court must determine whether this case falls within that "special and small" category of cases.

      The Court of Appeals for the Fifth Circuit, after noting the "less than pellucid" guidance given by the Supreme Court with respect to the "substantial federal question doctrine," distilled a four-part test for its application in *Singh v. Duane Morris LLP*, 538 F.3d 334, 338 (5th Cir. 2008).  Federal question jurisdiction under the substantial federal question doctrine exists "where (1) resolving a federal issue is necessary to the resolution of the state court claim; (2) the federal issue is actually disputed; (3) the federal issue is substantial; and (4) federal jurisdiction will not disturb the balance of federal and state judicial responsibilities."  *Id*. *Singh*, like this case, was a legal malpractice case, and the "embedded" federal issue, again like this case, called for interpretation and application of federal law in the context of determining whether the defendant law firm's conduct met the applicable state tort law standard of care.

      Defendants assert that *Singh* is distinguishable because the underlying federal claim in that case could have been brought in state court, whereas Sherman Act claims are the exclusive province of the federal courts.  For the reasons that follow, the court finds that the distinction made by defendants is not sufficient for this court to reach a different result than the Fifth Circuit did in *Singh*.  Analysis of the four elements of the *Singh* test follows.

4

### 1.  Federal issue necessary to resolution of the state law claim.

In the court's view, the embedded federal standards in plaintiffs' state law claims against defendants satisfy the first element of the test, which requires that a federal "issue" be necessary for resolution of the state law claims. Indeed, Texas law requires that legal malpractice plaintiffs prove causation by establishing that they would have succeeded in the underlying suit. *Singh*, 538 F.3d at 337. In this case, plaintiffs will be required to establish a valid Sherman Act claim to prove causation.

### 2.  Actual dispute.

The second element of the test also appears to be met. The parties contest whether a viable Sherman Act claim existed, and whether any damages were incurred. There does, therefore, appear to be an actual dispute involving the application of federal law in this case.

### 3.  Substantial federal interest.

"Federal jurisdiction demands not only a contested federal issue, but a substantial one, indicating a serious federal interest in claiming the advantages thought to be inherent in a federal forum." *Grable*, 545 U.S. at 313. In *Grable*, this was established because the only issue in the case was the proper interpretation of a federal tax statute. A ruling on the meaning of that statute, even in the context of a state court proceeding, was found to implicate a strong federal interest in the prompt collection of delinquent taxes by a federal agency, making the federal interest "substantial." 515 U.S. at 315. However, a state law claim for legal malpractice "makes federal law only tangentially relevant to an element of a state law tort claim." *Singh*, 538 F.3d at 339. Indeed, the Fifth Circuit in *Singh* provided an instructive contrast between the purely legal issue with potentially far-reaching implications present in *Grable*, and a largely factual, case-specific inquiry in the context of a legal malpractice claim:

5

> In contrast [to *Grable*], this case involves no important issue of federal law. Instead, the federal issue is predominantly one of fact–whether Singh had sufficient evidence that his trademark had acquired secondary meaning. Though obviously significant to Singh's claim, that issue does not require "resort to the experience, solicitude, and hope of uniformity that a federal forum offers." *Id*. at 312, 125 S.Ct. 2363.

*Singh*, 538 F.3d at 339. What was said about the nature of the federal issue in *Singh* is equally applicable in this case. Texas' requirement of a "suit within a suit" to prove causation in a legal malpractice claim requires the application of federal standards to determine that the underlying suit would have been successful if not for the attorney's breach of duty. *Id*. at 337. This potential "mini-trial" of a federal claim was not sufficient in *Singh*, and is not sufficient here, to warrant a finding that a state law legal malpractice case raises a substantial issue of federal law. This is so because whether plaintiffs would have been able to establish their entitlement to damages under the Sherman Act in their failed suit is certainly an issue of federal law that is important to them, and to defendants as well, but there is no broader issue of federal law implicated as was the case in *Grable*.[1]

The court's conclusion in this respect is informed by the holding in *Empire Healthchoice*, 547 U.S. at 700-701. In addressing a contract dispute with an "embedded" federal issue arising from federal regulation of the underlying health care coverage, the Court noted that "*Grable* presented a nearly 'pure issue of law,' one 'that could be settled once and for all and thereafter would govern numerous tax sale cases.' In contrast, Empire's reimbursement claim . . . is fact-bound and situation specific." *Id*. Substantiality, therefore, is not established where the federal issue is not predominant,

---

[1] Defendants assert that the court should follow the analysis of the Federal Circuit in *Air Measurement Technologies, Inc. v. Akin Gump Strauss Hauer & Feld, LLP*, 504 F.3d 1262, 1272 (Fed. Cir. 2007), which held that a legal malpractice claim involving an underlying patent infringement case "survives the federalism analysis of *Grable*" because it raises a substantial federal question. However, in *Singh*, the Fifth Circuit specifically declined to follow the Federal Circuit's analysis in *Air Measurement*, finding that the Federal Circuit failed to specifically consider either the substantiality of the federal interest at stake, or the effect on federalism. *Singh*, 538 F.3d at 340 (noting that Federal Circuit "did not consider the reasons addressed here, involving the federal interest and the effect on federalism"). The Fifth Circuit has rejected the *Air Measurement* analysis as being too abbreviated, and this court will do likewise.

but is merely a backdrop for a largely factual dispute, as is the case here.  Indeed, defendants' list of federal issues that will need to be addressed in the state court action is little different from the types of fact-intensive, case-specific issues that will be relevant in every case where an attorney is alleged to have mishandled a federal cause of action.  See Dkt. 11 at 9-11.  What *Grable* and *Empire Healthchoice Assurance* teach is that something more is required for a federal interest to be "substantial" than the mere fact that the state court will be asked to follow federal standards in the context of adjudicating a state law claim.

The importance of having an issue that extends beyond the interests of the parties in a specific case before finding federal question jurisdiction is illustrated by the decision in *Roof Technical Services, Inc. v. Hill*, 679 F.Supp.2d 749 (N.D. Tex. 2010) (McBryde, J.).  There, the court found no federal question jurisdiction with respect to a state law legal malpractice claim involving a patent application.  The court explained why it found that the federal interest was not substantial:

> Keeping in mind the factors found important in *Grable* and *Empire Healthchoice*, nothing indicates a serious federal interest in adjudicating this action in federal court. The federal issues identified by the plaintiffs are not important issues of law.  The court will not, for example, have to determine the meaning of federal patent law.  Moreover, because the potential federal issues require only application of federal law to the specific facts of this case, the resolution of those issues will not be controlling in numerous other cases.

649 F.Supp.2d at 753.  Defendants in this case have not identified any potential ruling by the state court that would reach beyond this case itself, i.e., the court will not need to determine the meaning of the Sherman Act.  Instead, it will merely need to apply that law to the facts of this case.  Indeed, it is not at all likely that any rulings made by the state court in the course of determining whether defendants breached their duty to plaintiffs will be relied upon in future Sherman Act cases in federal court.  In contrast to *Grable*, the state court in this case will be asked to decide nothing more

far-reaching than whether defendants are liable to plaintiffs. Therefore, as was the case in *Singh*, federal law is only "tangentially relevant" to this inquiry, amounting to no more than an inquiry necessary to establish an element of a state law claim. The federal interest in this case is not substantial.

### 4. The balance of federal and state judicial responsibilities.

In *Singh*, the Fifth Circuit found that permitting legal malpractice claims to be brought into federal courts each time a lawyer is alleged to have committed malpractice with respect to a federal claim would "constitute a substantial usurpation of state authority in an area [legal malpractice] in which state courts have traditionally been dominant." 538 F.3d at 340. The *Singh* court took guidance from the Supreme Court's comments in *Grable*, in turn distinguishing *Merrell Dow*, "'that a general rule of exercising federal jurisdiction over state [tort] claims resting on federal mislabeling and other statutory violations could thus have heralded a potentially enormous shift of traditionally state cases into federal courts.'" *Id.* (quoting *Grable*, 545 U.S. at 318). Defendants argue that malpractice claims arising from Sherman Act litigation specifically would not amount to much of a shift in cases to the federal courts. However, moving even one category of legal malpractice claims to federal court would still upset the balance of federal and state jurisdiction. Further, as illustrated by defendants' reliance upon *Air Measurement* (a case involving an underlying patent law claim), any expansion of federal jurisdiction to include state law legal malpractice claims is fraught with the danger that any exception will eventually swallow the rule. The traditional dominance of state courts in the area of legal malpractice noted in *Singh* should be honored, and this factor weighs against exercising federal jurisdiction.

As was the case in *Singh*, the first two elements of the test for a "substantial federal issue" have been met, but the third and fourth elements have not. Accordingly, federal question jurisdiction does not exist in this case, and removal was not proper on this basis.

**B.     Costs and fees.**

An award of costs and fees is within the discretion of the court when a motion to remand is granted. 28 U.S.C. § 1447(c). "Absent unusual circumstances, courts may award attorney fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). Although the court disagrees with defendants' analysis of the applicable case law, defendants did not lack an objectively reasonable basis for removal.

## CONCLUSION

Upon consideration of plaintiffs' motion to remand (Dkt. 10), the response and reply, and the applicable law, the motion to remand (Dkt. 10) is GRANTED, and this case is REMANDED to the state court forthwith. Plaintiffs' motion for fees and costs pursuant to 28 U.S.C. § 1447(c) is DENIED.

It is so ORDERED.

Signed at Houston, Texas on February 2, 2011.

_____
Gray H. Miller
United States District Judge